994 So.2d 1212 (2008)
STATE of Florida, Appellant,
v.
Jadniel BURGOS, Appellee.
No. 5D08-1311.
District Court of Appeal of Florida, Fifth District.
November 14, 2008.
*1213 Bill McCollum, Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellant.
Don Waggoner of Don Waggoner Law, P.A., Kissimmee, for Appellee.
TORPY, J.
The State appeals the final order granting Appellee's motion to suppress a gun removed from his person during an encounter on a public street. The lower court concluded that police officers did not have probable cause or reasonable suspicion to seize the gun because they were acting on an anonymous tip. We conclude that the officers were properly engaged in a consensual encounter with Appellee when he admitted that he was carrying a concealed firearm, at which time the officers had probable cause to seize the weapon. We therefore reverse the order of suppression and remand this cause for further proceedings.
Acting on an anonymous tip that Appellee had been seen putting a gun in his waistband while walking on a public street, two police officers approached him and engaged him in conversation. During the conversation, one of the officers asked Appellee whether he "had anything that's going to hurt me or cause harm to me or anything like that." When Appellee replied that he had a gun in his waistband, the officer instructed him to raise his hands. The officers then retrieved the gun, which had been fully concealed under Appellee's shirt. After the officers confirmed that Appellee did not have a permit, they arrested him for carrying a concealed firearm.
The lower court determined, and we agree, that the initial approach and conversation was a "consensual encounter" rather than a seizure. Nevertheless, the lower court suppressed the evidence believing that this conclusion was compelled by J.L. v. State, 727 So.2d 204 (Fla.1998). We find J.L. distinguishable from this case. Both cases involved anonymous tips. However, instead of merely engaging the defendant in a consensual encounter, as the officers did in the instant case, the officers in J.L. immediately accosted and frisked J.L. without his consent. The court held that the tip did not supply reasonable suspicion to justify the stop and frisk. Here, the officers did not rely on the tip to seize the gun. The officers' decision to seize the weapon was the product of Appellee's admission during the consensual *1214 encounter that he was carrying a concealed gun.
Although not cited by either party, the distinction we make today is supported by language in a recent decision of our high court. In Baptiste v. State, 33 Fla. L. Weekly S662, ___ So.2d ___, 2008 WL 4240489 (Fla. Sept. 18, 2008), the supreme court held:
Our holding today should not be interpreted to imply that, upon receipt of an anonymous call that someone has publicly waved a firearm, officers cannot or should not respond or approach that individual to further investigate the allegation and the circumstances. Rather, we merely hold that when investigating an anonymous tip, officers who are unable to independently corroborate criminal activity may not initiate a gunpoint seizure based upon confirmation of only innocent details-such as a physical description-with absolutely no observation or development of any suspicious behavior. In the instant case, the officers could have approached Baptiste and engaged him in conversation in an attempt to investigate the tip, and this conduct would not have violated the Fourth Amendment.
(internal citations omitted).
We also reject Appellee's alternative argument that his admission that he was carrying the firearm did not support a reasonable suspicion that he was committing a crime. Although some citizens do have the right to carry concealed firearms lawfully, the vast majority do not. Reasonable suspicion and probable cause are based on probabilities, not absolute certainty. State v. Jones, 417 So.2d 788, 793 (Fla. 5th DCA 1982). It is not necessary that police allow an individual to continue in possession of a firearm while they confirm the suspected crime to an absolute certainty.
REVERSED and REMANDED.
SAWAYA, J., and HARRIS, J.M., Associate Judge, concur.